COURTNEY C. HILL (SBN: 210143)
SHANNON L. ERNSTER (SBN: 2640940)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Healthcare Ally Management of California, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY and DOES 1-10, Inclusive,<br><br>Defendant. | CASE NO. 2:18-cv-00876 MWF (AGRx)<br>Judge: *Hon. Michael W. Fitzgerald*<br><br>**ANSWER OF DEFENDANT AETNA LIFE INSURANCE COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>State Court Complaint filed:<br>December 27, 2017<br>Removal to Federal Court filed:<br>February 2, 2018<br><br>First Amended Complaint filed:<br>May 10, 2018 |

Defendant AETNA LIFE INSURANCE COMPANY ("Defendant") hereby answers the First Amended Complaint of Plaintiff HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC ("Plaintiff") as follows.

## STANDING

1. Responding to Paragraph 1 of the First Amended Complaint (hereinafter "FAC"), Defendant is informed and believes and on that basis admits that the patient to whom the medical services at issue were allegedly provided (hereinafter "Patient") by La Peer Surgery Center ("Medical Provider") was at all

-1-
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

relevant times a member of an employee welfare benefit plan administered and/or insured by Defendant ("Plan"). Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 and on that basis denies each and every remaining allegation contained therein.

## PARTIES

2. Responding to Paragraph 2 of the FAC, Defendant is informed and believes and on that basis admits that Plaintiff is a California limited liability company. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 and on that basis denies each and every remaining allegation contained therein.

3. Responding to Paragraph 3 of the FAC, Defendant admits that it is licensed by the Department of Insurance to transact business in California and is, and at all times relevant was, transacting business in the State of California. Defendant further admits that it is subject to the applicable laws and regulations of the State of California. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 3 of the FAC.

4. Responding to Paragraph 4 of the FAC, Defendant denies the allegations contained therein.

5. Responding to Paragraph 5 of the FAC, Defendant denies the allegations contained therein.

## GENERAL FACTS

6. Responding to Paragraph 6 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 and on that basis denies each and every allegation contained therein.

7. Responding to Paragraph 7 of the FAC, Defendant is informed and believes, and on that basis admits, that the Patient was at all relevant times a

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

member of the Plan.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 7 of the FAC.

8. Responding to Paragraph 8 of the FAC, Defendant is informed and believes, and on that basis admits, that the Patient was at all times relevant a member of the Plan.  Defendant further admits that Medical Provider contacted Defendant regarding the Patient's coverage and that Defendant verified that the Patient was eligible for benefits under the terms of the Plan.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 8 of the FAC.

9. Responding to Paragraph 9 of the FAC, Defendant denies each and every allegation contained therein.

10. Responding to Paragraph 10 of the FAC, Defendant admits that Medical Provider was not a participant in Defendant's network of providers at the time the medical services were allegedly provided to the Patient.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 10 of the FAC.

11. Responding to Paragraph 11 of the FAC, Defendant admits that medical providers in its network of providers have agreed to accept negotiated rates for their services.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 and on that basis denies each and every remaining allegation contained therein.

12. Responding to Paragraph 12 of the FAC, Defendant denies each and every allegation contained therein.

13. Responding to Paragraph 13 of the FAC, Defendant denies each and every allegation contained therein.

14. Responding to Paragraph 14 of the FAC, Defendant denies each and every allegation contained therein.

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

15. Responding to Paragraph 15 of the FAC, Defendant denies each and every allegation contained therein.

16. Responding to Paragraph 16 of the FAC, Defendant denies each and every allegation contained therein.

17. Responding to Paragraph 17 of the FAC, Defendant admits that it pays for covered medical services provided to its members in accordance with the terms of its members' plans. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 17.

18. Responding to Paragraph 18 of the FAC, Defendant admits that a definition of "usual, customary and reasonable" can be found on www.healthcare.gov, and that such definition speaks for itself. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 18.

19. Responding to Paragraph 19 of the FAC, Defendant admits that it determines the amounts to be allowed for covered medical services provided to its members based on the terms of its members' plans. Defendant objects to Plaintiff's reference to non-party UnitedHealthcare and expressly denies that information provided by UnitedHealth Group has any relevance to the matter at issue. Except as expressly admitted or denied, Defendant denies each and every allegation contained in Paragraph 19.

20. Responding to Paragraph 20 of the FAC, Defendant denies each and every allegation contained therein.

## SPECIFIC FACTS
## PATIENT JC

21. Responding to Paragraph 21 of the FAC, Defendant is informed and believes, and on that basis admits, that the Patient underwent a medical procedure at Medical Provider's facilities on December 10, 2015. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 21.

22. Responding to Paragraph 22 of the FAC, Defendant admits that a

representative of Medical Provider contacted Defendant on December 3, 2015 and spoke with Defendant's representative, Carrie. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 22 of the FAC.

23. Responding to Paragraph 23 of the FAC, Defendant denies each and every allegation contained therein.

24. Responding to Paragraph 24 of the FAC, Defendant denies each and every allegation contained therein.

25. Responding to Paragraph 25 of the FAC, Defendant denies each and every allegation contained therein.

26. Responding to Paragraph 26 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 and, on that basis, denies each and every allegation contained therein.

27. Responding to Paragraph 27 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 and, on that basis, denies each and every allegation contained therein.

28. Responding to Paragraph 28 of the FAC, Defendant admits that on December 3, 2015, Defendant's representative, Carrie, advised Medical Provider's representative that the payment rate for covered out-of-network benefits under the terms of the Patient's Plan was "reasonable and customary at the 80th percentile." Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 28 of the FAC.

29. Responding to Paragraph 29 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 and, on that basis, denies each and every allegation contained therein.

30. Responding to Paragraph 30 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 and, on that basis, denies each and every allegation contained therein.

31. Responding to Paragraph 31 of the FAC, Defendant admits that it

received a claim from Medical Provider for services provided to the Patient on December 10, 2015 and avers that the claim documents speak for themselves. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 31.

32. Responding to Paragraph 32 of the FAC, Defendant admits that it issued an Explanation of Benefits ("EOB") form to Medical Provider specifying the amount Defendant had allowed and paid Medical Provider for the services provided to the Patient. Defendant further admits that it paid Medical provider $5,359.12 for the medical services provided to the Patient. Defendant further admits that Medical Provider billed Defendant a total of $177,273.00 for the medical services provided to the Patient. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 32.

33. Responding to Paragraph 33 of the FAC, Defendant admits that it received a letter from Medical Provider, dated January 8, 2016, regarding Defendant's payment of the medical services provided to the Patient and avers that the document speaks for itself. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 33.

34. Responding to Paragraph 34 of the FAC, Defendant denies the allegations contained therein.

35. Responding to Paragraph 35 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 and, on that basis denies each and every allegation contained therein.

36. Responding to Paragraph 36 of the FAC, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION:
## FOR BREACH OF ORAL CONTRACT

37. In responding to Paragraph 37 of the FAC, Defendant hereby incorporates each and every admission, denial and allegation contained in its

responses to Paragraphs 1 through 36 as though fully set forth in full.

38. In responding to Paragraph 38 of the FAC, Defendant denies each and every allegation contained therein.

39. In responding to Paragraph 39 of the FAC, Defendant denies each and every allegation contained therein.

40. Responding to Paragraph 40 of the FAC, Defendant admits that a representative of Medical Provider contacted Defendant on December 3, 2015 and spoke with Defendant's representative, Carrie. Defendant further admits that it received a claim from Medical Provider for services provided to the Patient on December 10, 2015. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 40 of the FAC.

41. In responding to Paragraph 41 of the FAC, Defendant denies each and every allegation contained therein.

42. In responding to Paragraph 42 of the FAC, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION:
## FOR PROMISSORY ESTOPPEL

43. In responding to Paragraph 43 of the FAC, Defendant hereby incorporates each and every admission, denial and allegation contained in its responses to Paragraphs 1 through 42 as though fully set forth in full.

44. In responding to Paragraph 44 of the FAC, Defendant denies each and every allegation contained therein.

45. Responding to Paragraph 45 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 and, on that basis, denies each and every allegation contained therein.

46. In responding to Paragraph 46 of the FAC, Defendant denies each and every allegation contained therein.

47. In responding to Paragraph 47 of the FAC, Defendant denies each and

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

every allegation contained therein.

48. In responding to Paragraph 48 of the FAC, Defendant denies each and every allegation contained therein.

49. In responding to Paragraph 49 of the FAC, Defendant denies each and every allegation contained therein.

50. In responding to Paragraph 50 of the FAC, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendant raises the following affirmative defenses to each and every claim asserted against it and as to each of the acts and/or omissions with which Defendant is charged in the FAC. Defendant hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden is by law upon Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. Plaintiff fails to set forth facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. Plaintiff is barred from recovering the damages alleged in the FAC, or any cause of action contained therein, due to the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. The FAC, including each cause of action asserted therein, is barred by the doctrine of estoppel.

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

**(Charges in Excess of Reasonable and Customary Amounts)**

4. The FAC, and each cause of action asserted therein, is barred, in whole or in part, because Plaintiff's claims are for charges for services that exceed the reasonable and customary charges for the services provided.

## FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

5. The FAC, including each cause of action asserted therein, is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

6. The FAC, including each cause of action asserted therein, is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

**(Reasonable Conduct)**

7. Defendant alleges that all acts performed by it were performed fairly, in good faith, and for a lawful purpose, and that its conduct was in compliance with all applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

**(Acts or Omissions of Others)**

8. Defendant alleges that if Plaintiff was injured as alleged in the FAC, Plaintiff was injured by acts or omissions of persons or organizations other than Defendant, who were neither under the control of nor in the employ of Defendant.

## NINTH AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

9. If Plaintiff sustained any injuries or damages as a result of the conduct complained of herein, then Plaintiff proximately caused, aggravated and/or failed to take proper action to reduce and/or mitigate such injuries or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10. To the extent Plaintiff's claim was resolved, in whole or in part, such claims must be barred by the doctrine of Accord and Satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification and/or Consent)

11. The FAC, and each cause of action asserted therein, is barred, in whole or in part, because Plaintiff ratified and/or consented to the conduct of Defendant, which it now alleges to be wrongful.

## TWELFTH AFFIRMATIVE DEFENSE

### (Paid Claims)

12. The FAC, and each cause of action asserted therein, is barred, in whole or in part, to the extent Plaintiff has already received payment for the claims and/or services alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Laws)

13. The FAC, and each cause of action asserted therein, is barred, in whole or in part, because Defendant has complied with applicable laws governing any obligations to pay for the services at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefits Are Limited Per Plan Terms)

14. In the event the Court finds benefits are payable, they are limited to those set forth under the terms of the Patient's Plan.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Conditions Precedent)

15. Defendant is informed and believes, and thereon alleges, that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff, or La Peer Surgery Center, failed to comply with the conditions precedent under the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

applicable group health plan at issue in this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Proper Investigation)

16.   Defendant, whether directly or through its agents, has a duty to the other members of the group health plan at issue in this litigation to investigate the medical claims at issue in this matter and to determine if they are properly payable under the terms and conditions of the group health plan at issue.  Defendant, in discharging that duty, acted properly at all times herein relevant.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Contractual Defenses)

17.   To the extent the terms and/or provisions of the group health plan at issue in this litigation and/or agreements entered into between Defendant and the relevant member and/or group provide contractual defenses not specifically set forth herein, Defendant reserves the right to assert those terms and/or provisions as defenses at any time throughout this proceeding and incorporates by reference any potentially applicable terms or provisions into this response.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limited Remedy)

18.   Although Defendant denies any liability to Plaintiff, in the event benefits are awarded to Plaintiff, Plaintiff's remedies are limited under ERISA for the patient covered under the self-funded plan at issue.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Obligation of Third Parties)

19.   To the extent any third party is financially responsible for payment of the services at issue, Defendant has no liability.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Incomplete Claims)

20.   To the extent Medical Provider or Plaintiff failed to provide all

documents reasonably necessary to process the patient claim, Plaintiff is barred from recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Abstention)

21. The First Amended Complaint, and each cause of action asserted therein, is barred, in whole or in part, to the extent Plaintiff seeks remedies that disrupt, conflict, or interfere with complex state administrative schemes that will require resolution of complex and unsettled questions of state administrative law, and to the extent Plaintiff seeks remedies that will interfere with governmental regulation.

### TWENTY-SECONDAFFIRMATIVE DEFENSE
### (Incidental Charges)

22. To the extent Plaintiff seeks damages for services, supplies, or equipment that are ancillary or incidental to other billed charges, and/or are customarily not separately billable, Plaintiff's claims must be barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Plaintiff's Pattern of Accepting Less Than Full Billed Charges)

23. Plaintiff and/or Medical Provider have a pattern of accepting less than their full billed charges, and therefore the reasonable and customary amount is much less than the full billed charge amount that Plaintiff/Medical Provider are seeking, and Plaintiff/Medical Provider have no reasonable expectation of payment of their full billed charges.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

24. To the extent that Plaintiff and/or Medical Provider have failed to exhaust their administrative remedies prior to filing this action, Plaintiff's claims are not ripe for adjudication.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25. The First Amended Complaint, and each cause of action therein, is barred to the extent that Plaintiff's and/or Medical Provider's claims are barred by the applicable statute of limitations set forth in the Code of Civil Procedure, including, but not limited to, Code of Civil Procedure section 339.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

26. Plaintiff failed to plead its claims with sufficient particularity to permit Defendant to determine all applicable defenses. Defendant reserves the right to assert additional defenses as information is obtained through discovery and investigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant;
2. That Plaintiff be awarded nothing;
3. That Defendant be awarded costs and reasonable attorney's fees from Plaintiff; and
4. For such other and further relief as this Court may deem just and proper.

Dated: May 24, 2018                GORDON & REES LLP


By:  */s/Shannon L. Ernster*
Courtney Culwell Hill
Shannon L. Ernster
Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1150948/38521505v.1

-13-
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT